UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL LAVERN STONE,

    Plaintiff,

v.

Case No. 2:21-cv-12239
Hon. Denise Page Hood

MT. MORRIS POLICE DEPARTMENT,
ET AL,

    Defendants.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT

Michael Lavern Stone, who is presently confined at the Genesee County Jail, filed a pro se civil rights complaint under 42 U.S.C. § 1983. He names the Mt. Morris Police Department, the State of Michigan, the Genesee County Jail, and the Sheriff's Office – GCJ, as party defendants. For the reasons stated below, the Court will summarily dismiss the complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for Plaintiff's failure to state a claim.

### I. Discussion

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such

1

relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's pro se complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The complaint states in full: "I was in the jail when I was assaulted by another inmate and the whole pod saw this happen. . . . My back received injuries, closed head injuries, mental anguish." (Complaint, ECF No. 1, PageID.7-8.) Plaintiff seeks a total of seven million dollars in damages. (Id., PageID.8-9.)

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); see also *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

Plaintiff claims only that he was assaulted by another inmate at the jail. He does not assert any facts indicating a connection between any of the individuals working for the Defendants and the assault. Prisoners have a constitutional right under the Eighth Amendment to be free from violence at the hands of other inmates. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Richko v. Wayne Cnty.*, 819 F.3d 907, 915 (6th Cir. 2016). As a result, prison officials may not remain deliberately indifferent to the risk of harm a prisoner may face at the hands of another prisoner, and they have a duty to protect prisoners from such violence. *Farmer*, 511 U.S. at 833 (1994).

To sustain a claim for deliberate indifference to a substantial risk of serious harm, the plaintiff must satisfy an objective and subjective component. The objective

component requires a showing "that absent reasonable precautions, an inmate is exposed to a substantial risk of serious harm." *Amick v. Ohio Dep't of Rehab. & Correction*, 521 F. App'x 354, 361 (6th Cir. 2013). The subjective component requires a showing that (1) the official being sued subjectively perceived facts from which to infer a substantial risk to the prisoner, (2) the official did in fact draw the inference, and (3) the official then disregarded that risk. *Richko*, 819 F.3d at 915.

Plaintiff's complaint fails to state any facts to satisfy either the objective or the subjective components of a failure-to-protect claim. Plaintiff does not allege any facts, for example, that there is a lack of security or other precautions at the Genesee County Jail that exposes inmates to a substantial risk of serious harm at the hand of other inmates. Nor does the complaint contain any allegations that any of the individuals working at the jail or otherwise responsible for jail security were aware of and disregarded any particular risk to Plaintiff from the other prisoner. Therefore, the complaint fails to state a failure-to-protect claim.

The complaint is also subject to dismissal because the named Defendants are not subject to suit. The State of Michigan is shielded from suit by the Eleventh Amendment. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984)("[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.") Nor are the Mt. Morris Police Department, the Genesee County Jail,

and the "Sheriff's Office – GCJ," legal entities capable of being sued for damages. *See Howard v. Wayne County Sheriff's Office*, 417 F. App'x 465, 467-68 (6th Cir. 2011); *Petty v. County of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007).

## III. Order

**IT IS THERFORE ORDERED** that the Complaint is **SUMMARILY DISMISSED** for Plaintiff's failure to state a claim.

                                           **s/Denise Page Hood**
                                           Denise Page Hood
                                           United States District Court

Dated:  September 30, 2022